FILED FOR RECORD
3/30/2023 3:46 PM
BETTY HERRIAGE
DISTRICT CLERK
HENDERSON COUNTY
Carmen Delgado

CAUSE NO. CV23-0190-392 _____

| | | |
|---|---|---|
| CHARLENE HETHERINGTON AND VICKY LEACH AS AGENT AND ATTORNEY-IN-FACT OF CHARLENE HETHERINGTON, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | HENDERSON COUNTY, TEXAS |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, | § § § § | |
| Defendant. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Vicky Leach, ("Ms. Leach"), as agent and attorney-in-fact for Charlene Hetherington ("Ms. Hetherington"), file this Original Petition against Property and Casualty Insurance Company of Hartford ("Hartford") and, in support of their causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Ms. Leach is a Texas resident who resides in Harris County, Texas. Ms. Leach was appointed as agent and attorney-in-fact for Ms. Hetherington by way of a Durable Power of Attorney executed on February 10, 2009. *See* Exhibit 1, Texas General Durable Power of Attorney.

2. Ms. Hetherington is a Texas resident who resides in Henderson County, Texas.

3. Hartford is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT

Corporation System, via certified mail, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.
## DISCOVERY

4. This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

5. The damages sought are within the jurisdictional limits of this court. Plaintiffs currently seek only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

## IV.
## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

7. Venue is proper in Henderson County because all or a substantial part of the events or omissions giving rise to the claim occurred in Henderson County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Henderson County.

## V.
## FACTUAL BACKGROUND

8. Ms. Hetherington is a named insured under a property insurance policy issued by Hartford bearing policy number 55RBC255481.

9. On or about May 15, 2022 a storm hit the Malakoff, TX area, damaging Ms. Hetherington's house and other property. Ms. Hetherington subsequently filed a claim on her insurance policy. The claim was assigned number PP0019423910.

10. Hartford improperly denied and/or underpaid the claim.

11. The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages were observed during the inspection, and undervalued the damages observed during the inspection.

12. The adjuster's unreasonable investigation led to the underpayment of Ms. Hetherington's claim.

13. Moreover, Hartford performed an outcome-oriented investigation of Ms. Hetherington's claim, which resulted in a biased, unfair and inequitable evaluation of Ms. Hetherington's losses on the property.

## VI.
## CAUSES OF ACTION

14. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

15. Hartford had a contract of insurance with Ms. Hetherington. Hartford breached the terms of that contract by wrongfully denying and/or underpaying the claim and Ms. Hetherington was damaged thereby.

### B. Prompt Payment of Claims Statute

16. The failure of Hartford to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17. Ms. Hetherington, therefore, in addition to her claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C. Bad Faith

18. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

19. Defendant violated § 541.051 of the Texas Insurance Code by:

  (1) making statements misrepresenting the terms and/or benefits of the policy.

20. Defendant violated § 541.060 by:

  (1) misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

  (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

  (3) failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

  (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

  (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21. Defendant violated § 541.061 by:

  (1) making an untrue statement of material fact;

  (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4) making a material misstatement of law; and

  (5) failing to disclose a matter required by law to be disclosed.

22. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

23. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

24. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Hartford and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25. Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because they are represented by an attorney, presented the claim to Hartford, and Hartford did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26. Plaintiffs further prays that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Ms. Leach and Ms. Hetherington pray that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to

which Plaintiffs may show themselves to be justly entitled.

                                              Respectfully submitted,

                                              **DALY & BLACK, P.C.**

                                              By:   */s/ Maria Gerguis*
                                                        Maria Gerguis
                                                        TBA No. 24090355
                                                        mgerguis@dalyblack.com
                                                        Richard D. Daly
                                                        TBA No. 00796429
                                                        rdaly@dalyblack.com
                                                        ecfs@dalyblack.com
                                                        2211 Norfolk St., Suite 800
                                                        Houston, Texas 77098
                                                        713.655.1405—Telephone
                                                        713.655.1587—Fax

                                              **ATTORNEYS FOR PLAINTIFFS**